### UNITED STATES ex rel. CLOUD v. HIATT, Warden.

### UNITED STATES ex rel. THOMPSON v. SAME.

#### Nos. 114, 115.

District Court, M. D. Pennsylvania.

Dec. 17, 1940.

Charles Wolfe Kalp, of Lewisburg, Pa., for relators.

Herman Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

The relators in these two habeas corpus proceedings are confined in the United States Penitentiary at Lewisburg, Pennsylvania, by virtue of judgments and commitments of 'the United States District Court for the Middle District of Tennessee, dated March 25, 1936. Cloud and Thompson were indicted together for the same crime, tried and sentenced together, and they have brought these habeas corpus proceedings together. Hearings on their petitions for release were held together, and the two cases will be disposed of in this one opinion.

Relators contend that when they pleaded guilty in the District Court in Tennessee to the charges against them, they were not represented by counsel, did not know their constitutional right to counsel, were not advised of that right, and did not competently and intelligently waive this right guaranteed by the sixth amendment to the Constitution of the United States. Therefore, they allege their confinement is illegal, in violation of the Constitution of the United States and without authority of law.

Relators aver the above facts under oath in their petitions, and corroborate these averments by their own testimony under oath at hearing in open court. In opposition to these petitions, affidavits have been filed by E. C. Dorris, Special Agent of the Federal Bureau of Investigation, and by O. W. Hughes, Assistant United States Attorney for the Middle District of Tennessee. Dorris avers that he was personally present at the time of arraignment and sentencing of these relators, that he heard Judge John J. Gore (now deceased) advise these defendants of their right to counsel and offer to appoint counsel for them, and that he heard one of the defendants, in the presence and hearing of the other defendant, state to the court that they did not need a lawyer because they were going to plead guilty. Hughes avers that he personally handled the prosecution of these cases, heard Judge Gore advise these men of their right to counsel and offer to appoint one for them, and that he heard Cloud, in the presence of Thompson, state to the court that he did not see that counsel could do them any good, that the court was the only one who could help, and he declined the appointment of an attorney.

In habeas corpus proceedings the burden is on the petitioner to convince the court by a preponderance of the evidence that he was not cognizant of his right to

counsel, or that he was not advised of that right, or that he did not competently and intelligently waive his constitutional right to the assistance of counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461.

Here, the Assistant United States Attorney, who prosecuted these men, presents a clear and convincing affidavit showing these men were advised of their right to counsel and declined the right. This affidavit is corroborated by a similar affidavit of a Special Agent of the Federal Bureau of Investigation who was present in Tennessee during these proceedings.

In the face of these strong affidavits based on personal knowledge, the relators have not convinced this court by a preponderance of the evidence that they did not know or were not advised of their right to counsel, guaranteed to them by the Constitution of the United States. Their petitions for release by writ of habeas corpus must, therefore, be denied.

For the foregoing reasons, it is now ordered that the petitions by Donald Lee Cloud and Robert Dancey Thompson, for release by writ of habeas corpus, be, and the same are hereby denied.